UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL WHEELER, | ) | CASE NO. 1:20-cv-1253 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| MARK K. WILLIAMS, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

### I. BACKGROUND

*Pro se* petitioner Miguel Wheeler ("Wheeler"), a federal inmate incarcerated at the Federal Correctional Institution Elkton ("Elkton), has filed an "Emergency Petition" for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. No. 1.) He seeks immediate release to home confinement on the basis that the "infectious and dangerous conditions now existing inside Elkton" where the COVID-19 virus is prevalent violate his rights under the Eighth Amendment. (*Id.* at 3, ¶ 4.)

Wheeler contends that the Bureau of Prisons' ("BOP") response to the virus at Elkton, including quarantining and isolating only those inmates who have been exposed to or have symptoms of the virus, has been inadequate, and that the respondent cannot provide him safety from the virus in accordance with the requirements of the Eighth Amendment. (*Id.* at 9.) After he filed his petition, he filed a letter, styled "Declaration to the Court," wherein he reports that he, in fact, tested positive for the virus. (Doc. No. 3.) Although he complains about the measures the prison implemented to prevent the spread of the virus, he does not indicate or contend he has

actually suffered any serious ill-effects or symptoms from the virus; nor does he suggest he is not being provided proper care at Elkton.

Wheeler concedes that he has not exhausted his administrative remedies, asserting instead that "[n]one of Elkton's administrative procedures … is adequate." (Doc. No. 1 at 9.) Because he has yet to exhaust his administrative remedies, the present habeas petition must be dismissed without prejudice.

## II. STANDARD OF REVIEW

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## III. ANALYSIS

Before a prisoner may seek habeas relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017); *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice." *Settle*, 2017 WL 8159227, at *2.

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and

revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) (quotation marks and further citations omitted)). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Id.* at 89. *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("'The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.'") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

This Court has also now ruled, in the context of a petition brought by a federal prison seeking habeas corpus on the basis of the COVID-19 pandemic, "that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions brought pursuant to [1]8 U.S.C. § 3582 apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241." *Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020). Other district courts within the Sixth Circuit are in accord. *See, e.g., Neal v. Beard*, 20-076-JMH, 2020 WL 3979584, at *2 (E.D. Ky. July 14, 2020) (§ 2241 petition for immediate release due to COVID-19 dismissed on screening without prejudice for failure to exhaust); *Cottom v. Williams*, No. 4:20-cv-574, 2020 WL 2933574 (N.D. Ohio June 3, 2020) (similar). It is apparent on the face of the petition that Wheeler has not exhausted his administrative remedies with the BOP with

3

respect to a claim for release to home confinement based on COVID-19 circumstances, and dismissal without prejudice, therefore, is necessary.

## IV. CONCLUSION

Accordingly, in that Wheeler has failed to exhaust his administrative remedies, the petition is denied and this action is dismissed without prejudice in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**