**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL WHEELER, | ) | CASE NO. 1:20-cv-1253 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| MARK K. WILLIAMS, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the unopposed motion of respondent Mark K. Williams ("respondent" or "Williams") to dismiss. (Doc. No. 13 (Motion).) For the reasons that follow, the motion is granted, and this case is dismissed.

**I.  BACKGROUND**

*Pro se* petitioner Miguel Wheeler ("petitioner" or "Wheeler") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the conditions at Elkton Federal Correctional Institution ("FCI") and requesting his immediate release to home confinement. (Doc. No. 1 (Petition) at 1[1], 9–10.) Citing the COVID-19 pandemic and overcrowding at Elkton FCI, Wheeler alleged that "[t]he dire conditions now existing inside Elkton are beyond life threatening [and that lives have been lost and the infestation will continue due to the close proximity of inmates stacked upon each other." (*Id.*, at 7.) Wheeler was also critical of Williams's approach to combating the spread of the virus because it failed to "address people who are sick and contagious but show no symptoms" of COVID-19. (*Id.*, at 5.)

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

On September 5, 2020, the Court issued a memorandum opinion and order dismissing the habeas petition without prejudice for Wheeler's failure to exhaust his administrative remedies. (Doc. No. 5.) Wheeler appealed the Court's order of dismissal. On December 20, 2021, the United States Court of Appeals for the Sixth Circuit issued an order vacating the Court's dismissal and remanding for further proceedings. *Wheeler v. Williams*, No. 20-4037, 2021 WL 6071501, at *2 (6th Cir. Dec. 20, 2021). While the Sixth Circuit acknowledged that Wheeler conceded that he had not exhausted his administrative remedies, it held that Wheeler should have been afforded an opportunity to demonstrate that it would have been futile to do so. *Id*.

Following the Sixth Circuit's mandate, this Court instructed the petition to be served on Williams. (Doc. No. 9 (Mandate); Doc. No. 10 (Summons).) In light of the limited nature of the Sixth Circuit's remand, the Court directed the parties to file briefs addressing the question of whether it would be futile for Wheeler to exhaust his administrative remedies before seeking habeas corpus relief. (Doc. No. 11 (Order).) Additionally, the Court took judicial notice of the fact that Wheeler had recently been transferred to Yazoo City USP, where he remains incarcerated with an anticipated release date of March 6, 2037. (*Id*., at 2.) (*See* https://www.bop.gov/inmateloc/, last visited August 23, 2022.) The Court, therefore, further directed the parties to brief the issue of whether the transfer has rendered the allegations in Wheeler's habeas petition moot. (Doc. No. 11, at 2.)

Williams timely responded to the Court's directive by filing the present motion to dismiss. In his motion, Williams argues that dismissal of the habeas petition is necessary because (1) Wheeler has not exhausted his administrative remedies and exhaustion is not futile, (2) Wheeler's claims were rendered moot when he was transferred out of Elkton FCI, and (3) Wheeler's claims

are foreclosed by *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020). (Doc. No. 13-1 (Memorandum in Support), at 3–8.) Wheeler did not file any response to Williams's motion, and the time for filing such a response or otherwise providing the briefing ordered by the Court on the issues of mootness and futility has passed.

## II. DISCUSSION

Since mootness would deprive this Court of jurisdiction to review the substantive merits of Wheeler's claims, the Court must begin its analysis with this threshold issue. *See Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) ("A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue.")

"Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). Moreover, in order for a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975). "To sustain jurisdiction in the present case, it is not enough that a dispute was alive when [petitioner's] habeas corpus petition was filed in the district court, . . . [petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock*, 256 F. App'x at 750 (citing *Lewis*, 494 U.S. at 477). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (citations omitted).

3

When an inmate files a habeas action against a prison official at the institution of his incarceration based upon that official's wrongful conduct and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *See Sossamon v. Texas*, 563 U.S. 277, 304, 131 S. Ct. 1651, 179 L. Ed. 2d 700 (2011) (Sotomayor, J., dissenting) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits." (collecting cases)); *see also Colvin v. Caruso*, 605 F.3d 292, 289 (6th Cir. 2010) (noting that "any declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility"). This is because an inmate's transfer or release ends the alleged violations of his constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993).

There is an exception to the mootness doctrine, however, for cases presenting a claim which is capable of repetition yet evading review. The "capable-of-repetition doctrine applies only in exceptional situations." *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1988) (quotation marks and citations omitted). The doctrine applies when the following two circumstances are simultaneously present: "(1) the challenged action [is] in its duration too short to be fully litigated prior to the cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *United States v. Juvenile Male*, 564 U.S. 932, 938, 131 S. Ct. 2860, 180 L. Ed. 2d 811 (2011) (quotation marks and citation omitted).


Wheeler's transfer necessitates the dismissal of his habeas petition as moot. Wheeler's allegations all center around the "dire conditions" at Elkton FCI that Wheeler believes placed his health and life in jeopardy, and the decisions made and policies implemented by Williams to address these conditions. (Doc. No. 1, at 5, 7.) Further, Wheeler's only requested relief is immediate release from Elkton FCI. (*Id*., at 9–10.) At the risk of stating the obvious, the Court cannot order his release from Elkton FCI because he is no longer held at that facility. *See, e.g., Hart v. Williams*, No. 4:20-cv-1043, 2022 WL 565403 (N.D. Ohio Jan. 4. 2022) (recommending dismissal of habeas petition challenging conditions at Elkton FCI during pandemic upon petitioner's transfer to Yazoo City USP), *report adopted by* 2022 WL 562928 (N.D. Ohio Feb. 24, 2022).

Moreover, Wheeler has not alleged that his incarceration at Yazoo City USP has subjected him to the same risk of serious illness or death he alleged he faced at Elkton FCI, such that his case represents one of the "exceptional situations" for which the "capable-of-repetition" doctrine applies. Again, the habeas petition focuses exclusively on the conditions at Elkton FCI. Wheeler has not alleged that these conditions are also present at Yazoo City USP, and there is nothing in the record from which the Court could make that determination. Because Wheeler has failed to establish a reasonable expectation that he will be subjected to the same set of circumstances again,

his claims are rendered moot by his transfer and must be dismissed.[2] *See, e.g, Kulijko v. Bayless*, No. 4:20-cv-994, 2022 WL 1912311, at *3 (N.D. Ohio June 3, 2022) (habeas petition challenging conditions at Elkton FCI and seeking release rendered moot by transfer to another facility where the petitioner "has not provided any allegations . . . that he would face the same risk of serious illness or death at" his new facility).

### III. CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED, and this case is DISMISSED WITH PREJUDICE. Further, the Court CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: November 18, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the Court determines that Wheeler's claims are moot, it need not reach the question of whether it would have been futile for Wheeler to exhaust his administrative remedies. Had the Court reached this issue, it would have determined that exhaustion was not futile. "Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Frazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (citations omitted). The exhaustion requirement applies equally to § 2241 petitions in which COVID-19 is the backdrop for the relief sought. *See Cottom v. Williams*, No. 4:20-cv-574, 2020 WL 2933574, at *1 (N.D. Ohio June 3, 2020). As Williams notes, the Bureau of Prisons ("BOP") provides for a full administrative review process, which Wheeler concedes he has not followed. (*See* Doc. No. 13-1, at 3 (citing 28 C.F.R. §§ 542.13, 542.14, 542.15; Doc. No. 1, at 9.) While "a prisoner's failure to exhaust available . . . administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks[,]" *Frazzini*, 473 F.3d at 236, Wheeler offers only his unsubstantiated belief that it would have been futile to pursue these claims through the BOP's administrative procedures. Because it appears that administrative remedies are available, and Wheeler has not demonstrated that pursuing these remedies would have been futile, the Court would have determined that Wheeler was required to exhaust his administrative remedies prior filing the present habeas petition. *See Wheeler*, 2021 WL 6071501, at *2 (remanding for further proceedings and noting that, "*[i]f Wheeler can show* that pursuit of administrative remedies would be futile, then it would excuse his failure to exhaust") (emphasis added).